UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re: JUDITH MONTALVO

MEMORANDUM AND ORDER

11-CV-2881 (CBA)

----------------------------------------------------------X
AMON, Chief United States District Judge:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 2 2 2011 ★
BROOKLYN OFFICE

Plaintiff Judith Montalvo filed this *pro se* complaint on a form provided for filing actions pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2002-17 ("Title VII"). She fails to name a defendant. Although she has checked the box alleging discrimination in employment, she has provided no facts supporting such a claim. Plaintiff also submits a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which this Court grants. For the reasons discussed below, Plaintiff is granted thirty (30) days leave to amend her complaint.

## BACKGROUND

Plaintiff's complaint consists of a form Title VII complaint, in which she alleges violations of Title VII and checks off discrimination on the basis of national origin. (Complaint at 3.) She asserts discriminatory conduct consisting of termination of employment, unequal terms and conditions of employment, and "individual discrimination." (Id.) The complaint contains no factual allegations in support of these claims, nor does Plaintiff attach documents containing such allegations. Morever, though she checked the box indicating that the Equal Employment Opportunity Commission ("EEOC") "has not issued a Right to Sue letter," Plaintiff attached such a letter, which indicated that "the EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." (Attachment, ECF page 8, EEOC Letter dated Mar. 1, 2011.) The letter indicates that copies were provided to 24 Hour

Fitness and Jeremy Chylinski of Seyfarth Shaw LLP. (Id.) No state or local agency findings are attached to the complaint. Lastly, Plaintiff includes a letter, dated May 24, 2011 and addressed "to the U.S. Equal Employment Opportunity Commission," in which she states her intention to file a federal claim regarding the "damages I suffered at the hands of 24 Hour Fitness." (Attachment, ECF page 9.)

## DISCUSSION

Pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). In reviewing the complaint, this Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff's complaint cannot go forward in its current form because it fails to identify a defendant. Plaintiff does attach documents with references to "24 Hour Fitness" and lists her employer's address. If she intends to assert a claim for employment discrimination, however, she must formally identify the employer. Moreover, since Plaintiff has not included any of the

underlying facts, she has not alleged facts that would support a claim of discrimination on the basis of national origin.

In light of Plaintiff's *pro se* status, she is granted thirty (30) days leave to amend her complaint to identify a defendant and to allege facts that would support a claim for discrimination in employment. The amended complaint must be submitted to the Court within thirty (30) days from the date of this Order, be captioned as an "Amended Complaint," and bear the same docket number as this Order.[1] All further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
June 22, 2011

---

[1] An amended complaint form is attached to this Order for plaintiff's convenience.