FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 5 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re: JUDITH MONTALVO

MEMORANDUM AND ORDER
11-CV-2881 (CBA)
**NOT FOR PUBLICATION**

------------------------------------------------------------X

**AMON, Chief United States District Judge**

On June 13, 2011, plaintiff Judith Montalvo filed a *pro se* complaint on a form provided for filing actions pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2002-17 ("Title VII"). She failed to name any defendant or to provide facts supporting a claim for discrimination in employment. Accordingly, the Court directed Montalvo to submit an amended complaint that conforms with the requirements for filing an action pursuant to Title VII. Although she submitted an amended complaint on July 20, 2011, the Amended Complaint is again deficient. In light of Montalvo's *pro se* status, the Court grants leave to file a second amended complaint within 30 days.

## BACKGROUND

Montalvo's original Complaint consisted of a form Title VII complaint, with a box checked to indicate discrimination on the basis of national origin. (Compl. at 3.) The Complaint did not identify a defendant. Moreover, Montalvo did not allege any facts indicating that she suffered discrimination in her employment. By Order dated June 22, 2011, the Court granted Montalvo's request to proceed *in forma pauperis* and directed her to submit an amended complaint in order to identify the proper defendant and to allege facts that would support a claim of discrimination.

Montalvo submitted an Amended Complaint on July 20, 2011. From documents attached to the initial Complaint, the Court had surmised that her employer was 24 Hour Fitness. The

Amended Complaint, however, again names no defendant and disavows any intention to file suit against Montalvo's former employer: "This case is not against 24 Hour Fitness. . . . This case is towards isolated members of management and staff that abused me in more ways that made my time of employment challenging and unsatisfying." (Am. Compl. at 1.)

The Amended Complaint alleges conspiracy, harassment, "accumulation of job duty," lack of equal opportunity, "lack of fair warning," and "fabrication of termination." (Id.) It describes Montalvo's job duties and performance, details conflicts with management about her shift assignments, and catalogs specific conflicts with other employees and managers. The Amended Complaint also includes references to and quotations from unspecified documents or reports involving her employment record and termination. Montalvo asserts that a supervisor's knowledge of her lack of fluency in English, coupled with the supervisor's request that she prepare a quiz for other employees, "made me feel exploited." (Id. at 3.) She also alleges that when she was reprimanded prior to her termination, "I got the feeling that they were all taking advantage of my not being able to speak perfect English." (Id. at 15.)

The original complaint did not allege discrimination on the basis of sex. The Amended Complaint, however, includes a section on "Billy's sexual harrasment [*sic*] incidents." (Id. at 5-6.) Plaintiff alleges that she informed a supervisor of the advances, that someone from Human Resources "conducted a brief investigation into the matter," and that the investigation was closed because the supervisor "was unable to substantiate Montalvo's allegations." (Id.)

Plaintiff has not indicated which of these claims she raised in the charges filed with the Equal Employment Opportunity Commission and the New York State Division of Human Rights or the New York City Commission on Human Rights.

## DISCUSSION

Pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a case if it determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The Court finds two defects in the Amended Complaint, discussed in turn below, and grants leave for Montalvo to remedy these defects.

### I. The Amended Complaint Does Not Specify A Defendant

Having reviewed the original and amended complaints, it appears Montalvo's claim sounds in employment discrimination under Title VII.[1] Title VII authorizes suit against an "employer" for discrimination against any individual with respect to the terms, conditions, or privileges of employment, on the basis of the individual's race, color, religion, sex, or national origin. The Act defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more

---

[1] This is not to say that the facts Montalvo has alleged could not state a claim arising under state law. But because all parties appear to be New York residents, and because Montalvo has yet to invoke the Court's federal question jurisdiction, this Court does not have subject-matter jurisdiction over any possible claims sounding in state law.

employees . . . and any agent of such a person." 42 U.S.C. § 2000e-(b). In this context, "any agent" is a statutory expression of traditional *respondeat superior* liability. Title VII does not impose individual liability on individual employees of the employer. Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), abrogated on other grounds by Burlington Ind. v. Ellerth, 524 U.S. 742 (1998). In plain terms, this means that a plaintiff must bring her Title VII claim against an employer even if it is the employee's actions that the plaintiff is complaining about.

Montalvo has still not named any defendant in this action, whether 24 Hour Fitness or any of its employees. She does allege that she was employed by 24 Hour Fitness and asserts wrongs against certain individual employees. But Montalvo simply cannot maintain a lawsuit against an unnamed defendant. She is therefore granted leave to list who precisely she seeks to hold liable.

**II. The Amended Complaint Does Not State a Viable Title VII Claim**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.2000e–2(a). To state a cause of

action under Title VII, abusive conduct in the workplace must be related to the plaintiff's membership in one of these protected classes. Brennan v. Metro. Opera Ass'n, 192 F.3d 310, 318 (2d Cir. 1999). "Disrespectful, harsh, and unfair treatment in the workplace alone does not state a claim for violation of federal employment law." Rissman v. Chertoff, No. 08-cv-7352, 2008 WL 5191394, at *2 (S.D.N.Y. Dec. 12, 2008).

In her first complaint, Montalvo identified herself as a member of a protected class based on national origin, but she has not identified what her national origin is or presented any facts indicating that she was discriminated against on this basis. Montalvo does suggest that she was taken advantage of because she was not fluent in English. (Am. Compl. at 3, 15). But an individual's language or inability to speak English fluently are not characteristics that place an individual in a protected class. See, e.g., Soberal-Perez v. Heckler, 717 F.2d 36, 41 (2d Cir. 1983) ("Language, by itself, does not identify members of a suspect class."); Pacheco v. New York Presbyterian Hosp., 593 F. Supp. 2d 599, 612 (S.D.N.Y. 2009) ("[M]any courts, including the Second Circuit, have recognized that Title VII does not expressly identify language as a protected class."). Nor does she allege that her supervisors commented on her language skills in a way that would suggest "a covert basis for national origin discrimination." Garcia v. Gloor, 618 F.2d 264, 268 (5th Cir. 1980).

A second possibility is that Montalvo is claiming sex discrimination. A plaintiff alleging sex discrimination may proceed on a theory of "hostile work environment." Kotcher v. Rosa and Sullivan Appliance Center, Inc., 957 F.2d 59, 62 (2d Cir. 1992). To the extent this is Montalvo's theory, she "must establish that the conduct which created the hostile environment should be imputed to the employer." Id. at 63 (citing Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 70-71 (1986). "[W]here a low-level supervisor does not rely on his supervisory authority to carry out the

harassment, or a co-employee of the plaintiff is the alleged harasser, an employer will generally not be liable unless the employer either provided no reasonable avenue of complaint or knew of the harassment but did nothing about it." Tomka, 66 F.3d at 1305 (internal quotation marks and citations omitted). Here, Montalvo claims that a co-worker subjected her to "sexual advances" by suggesting that she call him and by asking her out, that she reported the allegations to a supervisor, and that an investigation was conducted and closed. She thus appears to acknowledge that she was able to make a complaint, that Human Resources investigated her complaint, and that her employer was unable to substantiate her claims.

***

In light of Montalvo's *pro se* status, the Court grants leave to further amend her complaint. In order to state a claim for employment discrimination pursuant to Title VII, she must name her employer as a defendant. Montalvo is also advised that the facts as she has alleged them in her Amended Complaint are likely insufficient to state a claim for relief. She should therefore take this opportunity to allege explicitly either (a) that she is a member of an identifiable suspect class and present facts that would support her claim that she was discriminated against on the basis of her membership in that class; or (b) facts showing that she was subjected to a hostile work environment, and that the conduct which created the hostile environment can be imputed to 24 Hour Fitness.

## CONCLUSION

For the foregoing reasons, plaintiff is granted thirty (30) days leave to further amend her complaint. The amended complaint must be submitted to the Court within thirty (30) days from the date of this Order, be captioned as "Second Amended Complaint," and bear the same docket number as this Order. Failure to name a defendant shall result in the dismissal of this action. All further

proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

_____
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
August 15, 2011