FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 12 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUDITH MONTALVO,

        Plaintiff,

-against-

CHLOE CAHILL,

        Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
11-CV-2881 (CBA)

**AMON, Chief United States District Judge:**

On June 13, 2011, plaintiff Judith Montalvo filed a *pro se* complaint on a form provided for filing actions pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2002-17 ("Title VII"). She failed to name any defendant or to provide any facts supporting a claim for discrimination in employment. On June 22, 2011, the Court directed Montalvo to submit an amended complaint that conformed with the requirements for filing an action pursuant to Title VII. Montalvo submitted an amended complaint on July 20, 2011, but it failed to conform with the Court's June 22, 2011 Order. In light of Montalvo's *pro se* status, the Court granted leave to file a second amended complaint. On September 13, 2011, Montalvo filed a brief letter labeled "Second Amended Complaint." That submission also fails to conform with the Court's direction. Accordingly, the action is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Montalvo's original Complaint failed to state a claim or establish a basis for this Court's jurisdiction. Despite two opportunities to amend, Montalvo's subsequent filings fail to cure the defects in her pleadings. She neither names a proper defendant nor states a viable Title VII claim.

Montalvo's pleadings suggest that she was employed by 24 Hour Fitness, but the first Amended Complaint specifically disavowed any intention to file suit against her former employer: "This case is not against 24 Hour Fitness. . . . This case is towards isolated members of management and staff." (Amended Complaint at 1.) Though the Second Amended Complaint describes the action as "against 24 Hour Fitness), it again names manager Chloe Cahill as the sole defendant in the case caption. As the Court previously explained, Title VII authorizes suit against an "employer" for discrimination against any individual with respect to the terms, conditions, or privileges of employment, on the basis of the individual's race, color, religion, sex, or national origin. Title VII does not impose individual liability on individual employees of the

2

employer. <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1313 (2d Cir. 1995), <u>abrogated on other grounds by Burlington Ind. v. Ellerth</u>, 524 U.S. 742 (1998). Accordingly, Montalvo cannot maintain a Title VII lawsuit against Chloe Cahill.

Even if this Court were to construe Montalvo's action as against 24 Hour Fitness, Montalvo also fails to state a viable Title VII claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009).

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.2000e–2(a). To state a cause of action under Title VII, abusive conduct in the workplace must be related to the plaintiff's membership in one of these protected classes. <u>Brennan v. Metro. Opera Ass'n</u>, 192 F.3d 310, 318 (2d Cir. 1999).

In each of her pleadings, Montalvo alleges that she was discriminated against on the basis of race or national origin. However, she has not identified her race or national origin or presented any facts indicating that her race or national origin was a motivating factor in some adverse employment action. In the Second Amended Complaint, Montalvo first states that "the

activities of Cahill, Lewis, and Burnett were not intended towards me due to skin color nor religion or sex," and then alleges that "denying me a translator . . . goes against Title VII on the basis of race and national origin." As the Court has explained, however, "classification on the basis of language does not by itself 'identify members of a suspect class' and would not support an inference of intentional national origin discrimination." Velaszuez v. Goldwater Mem. Hosp., 88 F. Supp. 2d 257, 262 (S.D.N.Y. 2000) (citing Soberal-Perez v. Heckler, 717 F.2d 36, 41 (2d Cir. 1983); see In re: Judith Montalvo, No. 11-CV-2881 (CBA), slip op. at 5 (E.D.N.Y. Aug. 15, 2011) (citing cases).

Montalvo's first two pleadings suggested a possible claim for sexual harassment under a theory of hostile work environment. However, Montalvo failed to allege any conduct that could be imputed to her employer, as would be required to proceed on this basis. See Kotcher v. Rosa and Sullivan Appliance Center, Inc., 957 F.2d 59, 63 (2d Cir. 1992). In any event, she appears to have abandoned this claim in her Second Amended Complaint.

## CONCLUSION

As Montalvo has failed to name a proper defendant or allege a viable claim under Title VII of the Civil Rights Act of 1964, the action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Chief Judge Carol B. Amon/

CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
October 12, 2011

5